# 1: CV  01-0286

CLOSED

U.S. District Court
Southern District of Georgia (Brunswick)

CIVIL DOCKET FOR CASE #: 01-CV-15

Alvin v. Hobbs                                      Filed: 01/29/01
Assigned to: Judge Anthony A. Alaimo
          Referred to: Magistrate Judge James E. Graham
Demand: $0,000                          Nature of Suit:  530
Lead Docket: None                       Jurisdiction: Federal Question
Dkt # in MD Pennsylvania : is 1-cr-89-214

Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)


HARRY ALVIN                    Harry Alvin
      petitioner              17174-083
                              [NTC]  [PRO SE]
                              FCI-Jesup
                              2680 Hwy. 301 South
                              Jesup, GA 31599

        FILED
        SCRANTON

        FEB 14 2001

        PER    KM7
               DEPUTY CLERK


   v.


D. L. HOBBS, Warden
      respondent


ATTEST: A TRUE COPY

Certified to _____ 2/6 _____ 20 01

_____
                    Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
2:01cv15 Alvin v. Hobbs                                    CLOSED

HARRY ALVIN

      petitioner

  v.

D. L. HOBBS, Warden

      respondent

INTERNAL USE ONLY: Proceedings include all events.
2:01cv15 Alvin v. Hobbs                                    CLOSED

1/29/01   1      PETITION for writ of habeas corpus (attacking conviction
                 and sentence from MD Pennsylvania); FILING FEE $ 5.00
                 RECEIPT # 187142 (jmp) [Entry date 01/29/01]

2/6/01    2      ORDER Transferring Case to the MD PA  ( signed by
                 Magistrate Judge James E. Graham ) ; [EOD Date 2/6/01]
                 copies served. (jmp) [Entry date 02/06/01]

2/6/01    --      Case closed - transferred to MD PA (jmp)
                 [Entry date 02/06/01]

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2001 FEB -6  P 12: 07

HARRY ALVIN,

        Petitioner,

  vs.

D. L. HOBBS, Warden,

        Respondent.

CLERK _____
SO. DIST. OF GA.

FILED
SCRANTON

FEB 14 2001

_____
DEPUTY CLERK

CIVIL ACTION NO.: CV201-15

## O R D E R

    Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of *habeas corpus* which the Court has reviewed. Petitioner attacks a judgment of conviction and sentence obtained in the United States District Court for the Middle District of Pennsylvania on June 21, 1991.

    While this Court has jurisdiction over this petition, it is the practice of this Court to transfer an action attacking a conviction and sentence to the district in which the original criminal proceedings were conducted.  Therefore, IT IS HEREBY ORDERED that the captioned action is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania for further consideration.

    The Clerk of Court is hereby directed to forthwith transfer this case to the United States District Court for the Middle District of Pennsylvania.

    **SO ORDERED**, this ___ day of _____, 2001.

**ATTEST: A TRUE COPY**

Certified to ____ 20 __

_____
Deputy Clerk

_____
ANTHONY A. ALAIMO
JUDGE, UNITED STATES DISTRICT COURT

2

FORM TO BE USED BY FEDERAL PRISONERS IN FILING A
PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 §2241

ORIGINAL

FILED
U.S. DIST. COURT
BRUNSWICK DIV
'01 JAN 29  AM 9 57

In the United States District Court
SOUTHERN DISTRICT OF FLORIDA

BRUNSWICK        Division

CLERK _Puris_
SO. DIST. OF GA.

HARRY ALVIN
Reg. No. 17174-083        Petitioner,
FEDERAL CORRECTIONAL INSTITUITON
LOW
2680 Hwy. 301 South
Jesup, Georgia 31599

CV201-15

(Address or place of confinement
and prison number.  Full name which
you were convicted under).

vs.

D. L. Hobbs
Warden, Federal        Respondant,
Correctional Institution
2680 Hwy. 301 South
Jesup, Georgia 31599

(Name of Warden or other authorized
person having custody of petitioner)

PLEASE COMPLETE THE FOLLOWING:   (check appropriate number)

This petition concerns:

1.   a.   ____XXX_____   a conviction.

     b.   ____XXX_____   a sentence.

     c.   _____   jail or prison conditions.

     d.   _____   prison discipline.

     e.   _____   a parole problem.

     F.   _____   other.

Page 2

2.  Place of detention___ FEDERAL CORRECTIONAL INSTITUTION (LOW) JESUP, GEORGIA 31599

3.  Name and location of court which imposed sentence UNITED STATES DISTRICT

_____ COURT, MIDDLE DISTRICT OF PENNSYLVANIA

4.  The indictment number or numbers (if known) upon which, and
    the offense or offenses for which, sentence was imposed:

    (a) _____ 1:CR-89-214  Conspiracy to possess with intent to distribute Cocaine.

    (b) _____

    (c) _____

5.  The date upon which sentence was imposed and the terms of
    the sentence:

    (a) _____ June 21, 1991    240 months incarceration

    (b) _____

    (c) _____

6.  Check whether a finding of guilty was made:

    (a) After a plea of guilty    XXXX

    (b) After a plea of not guilty_____

    (c) After a plea of nolo contendere _____

7.  If you were found guilty after a plea of not guilty, check
    whether that finding was made by:

    (a) a jury_____

    (b) a judge without a jury _____

8.  Did you appeal from the judgment of conviction or the
    imposition of sentence?

        ( ) Yes      (XX) No

9.  If you did appeal, give the following information for each
    appeal:

    a.  (1)  Name of court   . N/A

        (2) Result _____

Page 3

9.  a.   Continued

         (3)  Date of result __N/A_____

         (4)  Citation or number of opinion __N/A_____

         (5)  Grounds raised (list each) _____

              (a)  _____N/A_____

              (b)  _____

              (c)  _____

              (d)  _____

     b.  (1)  Name of court __N/A_____

         (2)  Result _____

         (3)  Date of result _____

         (4)  Citation or number of opinion _____

         (5)  Grounds raised (list each)

              (a)  _____

              (b)  _____

              (c)  _____

              (d)  _____

         Caution:  If you are attacking a sentence imposed
                   under a federal judgment, you must first
                   file a direct appeal or motion under 28 U.S.C.
                   §2255 in the federal court which entered the
                   judgment.

10.  State CONCISELY every ground on which you claim that you are
     being held unlawfully.  Summarize briefly the facts supporting
     each ground.  If necessary, attach a SINGLE page only behind
     this page.

CAUTION:   If you fail to set forth all grounds in this petition,
           you may be barred from presenting additional grounds
           at a later date.

Page 4

10.  Continued

     a.  Ground One  THE GUILTY PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY AND
     VOLUNTARILY ENTERED FOR COUNT ONE WHEN THE INDICTMENT WAS DEFECTIVE.

     Supporting FACTS  (Tell your story BRIEFLY without citing

     cases or law).

CAUTION:    You must state facts not conclusions in support of
            your grounds.  A rule of thumb to follow is - who
            did exactly what to violate your rights at what
            time or place.

     [See memorandum of law and facts].

     b.  Ground Two  WHETHER THE TRIAL COURT IMPROPERLY SENTENCED THE DEFENDANT BASED
     ON THE UNITED STATES SUPREME COURT APPRENDI DECISION WHERE THE ENHANCEMENTS ADOPTED
     BY THE COURT FOR QUANTITY OF DRUGS AND SPECIFIC CHARACTERISTICS THAT WAS NOT PLED
     IN THE INDICTMENT AND THE DEFENDANT WAS SENTENCED TO AN INCREASED LENGTH OF
     Supporting FACTS (Tell your story BRIEFLY without citing
     cases or law).
     IMPRISONMENT.

     [See Memorandum of law and facts].

Page 5

10.    Continued

Ground Three ___N/A_____

_____

Supporting <u>FACTS</u>  (tell your story briefly without citing
cases or law).

_____

_____

_____

_____

_____

_____

_____

d.    Ground Four ___N/A_____

_____

Supporting <u>FACTS</u> (tell your story <u>BRIEFLY</u> without  citing
cases or law)

_____

_____

_____

_____

_____

_____

11.    Have you filed previous petitions for habeas corpus, motions
       under section 2255 of Title 28, United States Code, or any
       other applications, petitions or motions with respect to this
       conviction?

              Yes (XXX)        No ( )

Page 6

12.   If your answer to question number 10 was "yes", give the
      following information:

   a. (1) Name of Court  Middle District of Pennsylvania

      (2) Nature of proceeding   2255 Motion

      (3) Grounds raised    Ineffective assistance of counsel, involuntary

          plea and the plea agreement was breached by the government.

      (4) Result    Motion was denied.

      (5) Date of result   November 17, 1997

      (6) Citation or number of any written opinion or order
          entered pursuant to each disposition.

             Not available

   b.   (1) Name of Court  N/A

      (2) Nature of proceeding

      (3) Grounds raised

      (4) Result

      (5) Date of result

      (6) Citation or number of any written opinions or orders
          entered pursuant to each such disposition.

Page 7

13.    If you did not file a motion under Section 2255 of Title 28,
       United States Code, or if you filed such a motion and it was
       denied, state why your remedy by way of such motion is inade-
       quate or ineffective to test the legality of your detention:

       These issues are based upon a new constitutional rule by the

       Supreme Court in Apprendi vs. New Jersey. The Third  Circuit

       has barred the new constitutional rule on collaterial attack.

       The sentnece imposed is illegal based on the new constitutional rule.

       _____

       _____

       _____

       _____

       _____

14.    Are you presently represented by counsel?  Yes ( )  No (xx)

       If so, name, address and telephone number _____

       _____

       Case name and Court _____

       _____

15.    If you are seeking to proceed in forma pauperis, have
       you completed the declaration setting forth the reqired
       information?  Yes ( )    No XXXX

       WHEREFORE, petitioner prays that the court grant petitioner
       relief to which he may be entitled in this proceeding.

       Signed this  22     day of   January  , 19 2001 .

                    *Harry Alvin*

                         (Signature of Petitioner)
                    Harry Alvin, Pro Se
                    Reg. No. 17174-083
                    Federal Correctional Instituiton (LOW)
                    2680 Hwy. 301 South
                    Jesup, Georgia 31599

Page 8

## DECLARATION

I, ___Harry Alvin_____ declare under penalty of perjury that I have read and subscribe to the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed ___1-22-01___ at ___Jesup Federal Correctional Institution, Jesup, Ga.___
              (Date)                             (Place)

_____
             (Signature of Petitioner)

Harry Alvin

___No Attorney_____
(Signature of Attorney)(If any)

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HARRY ALVIN                    )
                               )
    PETITIONER,            )
                               )
    VS.                    )          CIVIL CASE NO. _____
                               )          UNDERLYING CRIMINAL CASE NO.
                               )               1:CR-89-214
D. L. HOBBS, WARDEN            )
JESUP FCI                      )
                               )
    RESPONDENT.            )
                               )
_____)

---

## MEMORANDUM OF LAW IN SUPPORT OF A
## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241(d)

---

Comes now the Petitioner Harry Alvin, pro se and certifies that he is the moving party and seeks relief pursuant to 28 U.S.C. §2241(d) from Respondent's continued execution of an illegal sentence of imprisonment over him, that (1) the conviction upon which the sentence is derived, is (2) based upon the rot of an defective indictment and (3) missing elements from the charged offense in the indictment, contrary to [t]he recent decision of **Apprendi vs. New Jersey**, 530 U.S. _____, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

The Petitioner asserts the following in support of his application for writ of habeas corpus and therefore, states that his imprisonment is unconstitutional and that the Respondent is executing an illegal prison term against him.

-1-

## QUESTION PRESENTED:

Whether Petitioner's custody is lawful, because the District Court violated his Sixth Amendment right to be informed of the nature and cause of the alleged offense and Petitioner's unfounded actual punishment by the Court's lack of persona and subject matter jurisdiction relevant to incomplete statute pursuant to 21 U.S.C. §841(a)(1); §846, which omitted information that exposed him to punishment with which the jury must determine beyond a reasonable doubt, in violation of the due process clause of the Fifth and Fourteenth Amendment to the United States Constitution.

## VENUE:

The Supreme Court interpreted the language of 28 U.S.C. §2241(a)(d), which provides that writs of habeas corpus may be granted by district courts "within their respective jurisdictions. Ahrens vs. Clark, 335 U.S. 188, 68 S. Ct. 1443, 92 L. Ed. 1898. Since Ahrens, through the Fourth Circuit has held in Word vs. North Carolina, 406 F. 2d 352 (4th Cir. 1969) that Ahrens, is no longer viable, and that in appropriate circumstances a district court may entertain a habeas corpus petition in the sentencing jurisdiciton even if [t]he Petitioner is not confined or detained there."

## HARMFUL COLLATERAL CONSEQUENCES:

"In order to have standing to attack such conviction Petitioner must show that he is presently suffering from "harmful collateral consequences" of challenged conviction.  The Petitioner

-2-

is barred by the Eleventh Circuit Court of Appeals "at least it has been the rule of thumb," by the Eleventh Circuit to bar usage of the 28 U.S.C. §2255 vehicle in light of [t]he ruling handed down in Apprendi vs. New Jersey, supra. The Petitioner concedes that the ....§2255 remedy may be inadequate to address the Constitutional mandate offered by the Apprendi decision. A conviction [b]ased on a defective indictment, which has led to the execution of an illegal sentence, can only be constitutionally challenged by an application for a writ of habeas corpus pursuant to 28 U.S.C. §2241(a)(d); especially where "plain error" is also clear and apparent, as presented by the instant case.

## AUTHORITY AND JURISDICTION:

The Petitioner was indicted by a federal Grand Jury and a judgment of guilty was accepted by the Court after a plea of guilty, and the Court imposed a sentence and referred the Petitioner to the custody and control of the United States Attorney General, who delegated such custody and control to the Federal Bureau of Prisons, for the execution of the sentence judgment "term of imprisonment".

At the time of the submission of this Petition for writ of Habeas Corpus, pursuant to 28 U.S.C. §2241(d), Petitioner is being housed under the custody and control of the respondent at the federal [c]orrectional institution, Jesup Georgia "2680 Hwy. 301 South".

"Where an application for a writ of habeas corpus is made by a person in custody under judgment [a]nd sentence which contains two or more federal juridical districts the application may be

3-

filed in the [d]istrict court for the district wherein such

person is in custody."

"The district court for the distsrict wherein such an application

is filed in the exercise of its discretion and in furtherance

of justice may transfer the application to the other district

court for hearing and determination.

The application must address the custody in violation of

the Constitution of the United States

## PROCEDURAL HISTORY

The Petitioner was charged on November 21  1989 in a six

count indictment naming the Petitioner and five co defendants

The defendant was named in count one (1) charging conspiracy to

distribute and possess with intent to distribute cocaine within

1000 feet of a school, between June 1986 and December 1988  in

violation of Title 21 U.S.C. §846, §841(a)(1) and §845(a)  and count

four (4) charging distribution and possession with intent to

distribute cocaine, in violation of Title 21 U S C. (1)(1).

On November 22, 1989 a warrant was issued for the defendant's

arrest.  The defendant remained a fugitive until he was arrested

on February 21  1991.

On April 11. 1991, Petitioner appeared before the Honorable

William W. Caldwell, and pled guilty to count one (1)  pursuant

to a written plea agreement.  Under this plea the Petitioner

entered a plea of guilty to violating only 21 U.S C  §846, conspiracy

to distribute cocaine.  The government agreed to two point reduction

for acceptance of responsibility and the Petitioner agreed to

cooperate with the authorities.  The plea called for a sentence of 120 month imprisonment   The Petitioner did not receive a reduction for substantial assistance pursuant to §5K1.1.

The Petitioner  was sentence to a term of imprisonment of 240 months on June 27, 1991 by the Honorable William W. Caldwell for the Middle District of Pennsylvania.

No notice of appeal was filed in the case

The Petitioner submitted a Title 28 U.S.C. §2255 motion in 1997, that was denied by the District court on November 17. 1997. The Petitioner was not granted a certificate of appealability.

**OFFENSE CONDUCT:**

Testimony at the trial of Petitioner's codefendant  Bruce A. Dekle revealed that Julius John Pinkston, was a major supplier of cocaine to Gerald Smith in Columbia, Pa.  Between January of 1988 and October 11, 1988.  Prior to that time, Pinkston supplied Smith's brother, Dennis Smith with multiple kilo's of cociane between June 1986, and December 1987.  Testimony indicated that Alvin was Pinkston's right hand mand and First Lieutendant in their cocaine operation.

Pinkston and Dekle primarily resided in the Atlanta  Georgia area.  During 1987 and 1988, Pinkston maintained a house at 3210 Accolade Drive  Clinton, Maryland and used this as a cocaine dis-tribution center.  Pinkston employed Sabb and Dekle to transport kilo and multiple kilo shipments of cocaine from Atlanta to Maryland in 1987 and 1988.

Alvin maintained three residences in Alexandria, Virginia from which drug activities were conducted during this same time period,  Sabb testified that he made trips from Atlanta to Alvin s residence in Virginia.  The pickup trucks contained a hidden com partment in the gas tank where multiple kilos of cocaine were hidden Upon arrival, Sabb would deliver the kilos to Alvin pursuant to Pinkston's instructions.  According to Sabb. Alvin was in charge of Pinkston's Washington, D.C. area drug distribution

Sabb also informed the Government that he made several trips to the Miami, Fort Lauderdale area with Alvin and Dekle to pick up kilos of cocaine from Pinkston's suppliers.  The kilos were

transported back to Georgia via pickup trucks with the hidden

compartments    Sabb testified that the very first time he trans

ported cocaine for Pinkston from Florida with Alvin in 1984. he

and Alvin was arrested and convicted    They were arrested in Stuart

Florida for transporting over 400 grams of cocaine.   After

the Petitioner's release from prison he and Sabb resumed their

drug dealing activities with Pinkston.

Several co-defendants testified that they picked up kilos

amounts of cocaine from Alvin, they included Gerald Smith. Joey

Widener. Wayman Tuever, Dana Turner. Robert Griffin and others

Based on the telephone records of the Petitioner's home

Gerald Smith placed 25 calls to Alvin's number and Alvin placed

dozens of calls to Pinkston's number during February 25, and October

11. 1988.

These calls were utilized by the Government to link the

Petitioner with the Pinkston conspiracy.

The Petitioner indicated that he was only a phone messenger

of these individuals.  The Petitioner admitted being paid $2,000 00

per month by Pinkston for the phone services

ISSUE ONE

THE GUILTY PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY AND VOLUNTARILY
ENTERED FOR COUNT ONE WHEN THE INDICTMENT WAS DEFECTIVE.

The Petitioner entered into a plea of guilty to Count One
of a deficient duplicious indictment on April 11, 1991 pursuant to
a written plea agreement for violation of 21 U.S.C. §841(a)(1), §846.
The Petitioner on advice of counsel entered this plea when he did
not actually have an understanding of the proceedings and the laws
taht would be applied to the sentence imposed in the case at bar.  The
Petitioner entered the plea of guilty to the conspiracy count with the
understanding that he was going to be sentence for the amount of
drugs that he pled guilty to and that he would receive a sentence
according to the plea agreement.  The indictment in the case at bar
charged a violation of Title 21 U.S.C. §841(a)(1) & §846.  The
quantity and penalty was omitted from the indictment.  The Petitioner
was not informed of these elements during the rule 11 hearing on
April 11, 1991.

In **McCarthy vs. United States**, 394 U.S. 456, 466, 22 L. Ed.
2d 418, 89 S. Ct. 1155 (1969), the Supreme Court stated:

> "that because of a guilty plea is an admission of all
> the elements of a formal charge, it cannot
> be truly voluntary unless the defendant possess an
> understanding of the law in relation to the facts."

The **McCarthy** decision established the procedure that must be followed
at a rule 11 hearing, in order that a plea be voluntary.  The
1966 Amendment to FRCP 11, sets forth that all district judges
personally interrogate the defendant [See Fed. Rules Crim. Pro.
11 notes of the advisory committee on Criminal rules].  This procedure
was not followed by the District Court.

-8-

The Supreme Court held in **Boykin vs. Alabama**, 395 U.S. 238, 23 L. Ed. 2d 274 89 S. Ct. 1709 (1969), that a guilty plea involves waiver of several constitutional rights; the priviledge against self incrmination, the right to trial by jury, and the right to confront adverse witnesses. _Id_ at 243. A waiver of these rights cannot be effective unless it is voluntary. _Id_ at 242. The Sixth Circuit held in **U.S. vs. Layne,** 192 F. 3d 556, 577 (6th Cir. 1999) that the court must consider all of the relevant circumstances surrounding the guilty plea to determine its voluntariness. See **United States vs. McGlocklin**, 8 F. 3d 1037, 1047 (6th Cir. 1993). A guilty plea is involuntary where the defendant lacks knowledge of an element of the offense required for conviction and therefore does not understand the nature of the Constitutional rights he is waiving. See **Henderson vs. Morgan**, 426 U.S. 637, 644-45, N. 13, 96 S. Ct. 2353, 49 L. Ed. 2d 108 (1976). Thus, a guilty plea is valid when it is "an intentional relinquishment or abandonment of a known rights or priviledge." **Boykin**, 395 U.S. at 243, N. 5 89 S. Ct. 1709 (citations omitted). Consequently if a defendant's plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. The factual basis for a guilty plea must be established at the time the guilty plea is entered. See **U.S. vs. Rettrelle**, 165 F. 3d 489 (6th Cir. 1999), where the court held that the factual basis established for Rettrelle's guilty plea covers only the plants at the Davis property in 1993.

The Petitioner understood that he was being charged in the

-9-

indictment for the conspiracy in count one, and for the actual cocaine in the indictment (no quanity was listed), the elements were omitted from the indictment that was returned by the Grand Jury for the Middle District of Pennsylvania.

The voluntary plea is discussed in the **Apprendi** issue, _infra_ in issue two.  The plea based upon the recent decision of **Apprendi** must be considered an involuntary plea regarding the amount of drugs and the enhancments based upon the specific characteristics adopted by the sentencing court.

-10-

ISSUE TWO

WHETHER THE TRIAL COURT IMPROPERLY SENTENCED THE DEFENDANT BASED
ON THE UNITED STATES SUPREME COURT APPRENDI DECISION WHERE THE
ENHANCEMENTS ADOPTED BY THE COURT FOR QUANTITY OF DRUGS AND SPECIFIC
CHARACTERISTICS WAS NOT PLED IN THE INDICTMENT AND THE DEFENDANT WAS
SENTENCED TO AN INCREASED LENGTH OF  IMPRISONMENT.

The Petitioner contends that the district court was barred
from sentencing him based upon elements (specific characteristics)
adopted by the sentencing court that was not in the indictment,
pursuant to the new rule of Constitutional law set forth by
the Supreme Court in Apprendi vs. New Jersey, 530 U.S. _____, 120
S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  In Apprendi, the Supreme
Court held that fundamental rights of the defendant under the
Fifth and Sixth Amendment to the United States Constitution  require
that "[o]ther than the fact of a prior conviction, any fact that
increases the penalty for a crime beyond a reasonable doubt."
Id 2000 WL 807189 at *13. —

The Petitioner contends that the issue decided by the Courts
and outlined below are applicable.  The District Court for the
Western District of North Carolina, Asheville Division has applied
Apprendi analysis to collatrial review in Darity vs. United States,
Civil No. 1:00 cv 168, October 25, 2000).  The Court in U.S. vs.
Murphy, 109 F. Supp. 2d 1059 (D. Minn. 2000) held that the decision
of Apprendi was retroactively applicable to collaterail review.

-11-

The penalty statute in this case purports to authorize a maximum sentence of not more than five years pursuant to Title 21 U.S.C. §841(b)(1)(d). The indictment in this case charged the Petitioner with violation of 21 U.S.C. §841(a)(1) and §846, possession with intent to distribute cocaine. The Court adopted specific offense characteristic assigned by the Probation officer in the PSI report. This specific characteristic ws not listed in the indictment, and the Court did not make a finding of guilty beyond a reasonable doubt regarding the drug quantity and the specific characteristic enhancement. The governemnt failed to charge these specific offense characteristic in the indictment and also failed to provide this information to the Petitioner before he entered a guilty plea to count one. Moreover the fundamental insufficiency of the indictment was in no way cured at the plea hearing or at sentencing; in fact under the pre-Apprendi law of the courts, the type and quantity of the controlled substance are not jury issues. See **United States vs. Williams**, 876 F. 2d 1521, 1525, (11th Cir. 1989) ("the nature and quantity of the controlled substance are relevant only to sentencing and do not constitute elements of a lesser included offense.") The court consequently did not inform the Petitioner at the rule 11 hearing that he was going to be enhance for a specific offense characteristic or element that was not in the indictment. This position of the court exposed the Petitioner to a longer sentence. The Court adopted the enhancments based upon a preponderance of the evidence, instead of finding that the reasonable doubt analysis of the facts applied, the court erred in this conclusion. Clearly

-12-

under Apprendi no enhanced sentencing rnage should apply to the
Petitioner.

Even if the Court could be said to have found the Petitioner
guilty of the cocaine conspiracy in the indictment, the Petitioner could
not lawfully be sentenced to more than five years purausnt to §841(b)(1)
(d), the other subsections cannot be adopted since the indictment
was void of a penalty section, and the government could not rely on
enhanced sentencing provisions to increase the Petitioner's sentence
beyond the five years, rendering the sentence that he received of
240 months beyond the statutory jurisdiction.  See **United States**
**vs. Harris**, 149 F. 3d 1304 (11th Cir. 1998) (non-waivable jurisdiction
defect precluded application of enhanced sentencing provisions
of drug statute.  21 U.S.C. §§841 & 846); **Apprendi**, 2000 WL 807189
at *6 (reversing sentence where count of conviction exceede un-
enhanced sentencing range).  Under **Apprnedi**, Petitioner's sentence
exceeded any construction of the statutory maximum and, therefore,
under the court's authorities an order of remand is required.
The law in the courts is well-established that a clear misapplication
of governing sentencing provisions constitutes plain error and
requires reversal.  See **United STates vs. Ramsdale**, 61 F. 3d 825,
831 (11th Cir. 1995) (plain error in applying 18 U.S.C. §841
failure to determine whether substance at issue was D-Methamphetamine
or L-Methamphetamine, a distinction making significant difference
in sentence); **United States  vs. Knowles**, 66 F. 3d 1146, 1164
(11th Cir. 1995) (This case is on direct appeal based upon Apprendi)

(plain error---application of guidelines to defendant whose offense was committed before effective date of guidelines); **United States vs. Chisholm**, 73 F. 3d 304 (11th Cir. 1996) (plain error unsupported determination of one kilo of powder cocaine convertible to crack cocaine at one-to-one ratio); **U.S. vs. Antonietti**, 86 F. 3d 206, 209 (11th Cir. 1996) (plain error---sentencing court's decision to count seedlings as marijuana plants to calculate offense level); **United States vs. Obashan**, 73 F. 3d 309, 310 (11th Cir. 1996) (imposition of illegal sentence of restitution exceeding statutory authorization under 18 U.S.C. §§3363, 3664 - reversible as plain error); **United States vs. Romines**, 204 F. 3d 1067, 1068 (11th Cir. 2000) (plain error to impose sentence not authorized by statute).

The fact remains, however that Apprendi requires quantity to be determined as an element of the offense, rather than as a sentencing factor. The substantive crimes in the indictment must contain a mens rea requirement. See 21 U.S.C. §841 (unlawful to "knowingly or intentionally" possess drugs with intent to distribute) (emphasis added). Consequently, the jury would be required to determine the defendant's knowledge or intent in regard to the quantity at issue.

In any event, the sentence imposed in this case should be vacated, because the statute under which the Petitioner was convicted is unconstitutional, 21 U.S.C. §841. Simply stated, _Apprendi_ adopts the position that: "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established

-14-

by proof beyond a reasonable doubt." Id, 2000 WL 807189 at *13
(quoting **Jones vs. United States**, 119 S. Ct. 1215, 1228-29 (1999)
(Stevens, J. concurring)). "[U]nder the Due Process Clause of
the Fifth Amendment and the notice and jury trial guarantees of
the Sixth Amendment, any fact (other than prior convictions) that
increases the maximum penalty for a crime must be charged in the
indictment, submitted to a jury, and proven beyond a reasonable
doubt." **Apprendi**, 2000 WL 807189 at *7 (2000) (quoting **Jones,**
119 S. Ct. at 1224 n.6 ); see **Jones**, 119 S. Ct. at 1229 (Scalia,
J. concurring) ("it is unconstitutional to remove from the jury
the assessment of facts that alter the congressionally prescribed
range of penalties to which a criminal defendant is exposed");
see also **Mullaney vs. Wilbur**, 421 U.S. 684 (1975).  Thus, as pre-
viously interpreted by the Courts and as left unamended by Congress,
21 U.S.C. §841 is unconstitutional under the reasoning set forth
in **Apprendi** because §841 permits increases in the maximum penalties
without requiring that these "factors" be alleged in an indictment,
submitted to the grand jury, and determined beyond a reasonable
doubt by a petit jury.  Such a statute is unconstitutional on
its face because its drafters intended to preclude jury determination
of all of the offense elements.

For many years, the courts have interpreted the federal drug
statutes as setting forth only penalty provisions and not elements
of the offense.  See e.g. **United States vs. Perez**, 960 F. 2d 1569,
1574 (11th Cir. 1992) (sentences prescribed in 21 U.S.C. §841
not substantive offense within themselves.  Thus §841 has consistently
been viewed as setting forth "sentencing enhancements" and not
offense elements with respect to the type and quantity of the

"controlled substance".  That Congress amended these stuatutes
without altering this interpretation that it embodies Congress'
intent.

In __Apprendi__, the Supreme Court held unconstitutional a purported
"sentencing enhancement" in the New Jersey statute criminalizing
"hate crimes" which increased the statutory maximum sentences
faced by the Petitioner from 20 years to 30 years with a 15 year
period of parole ineligibility.  2000 WL 807189 *8.  Section
841(a)(1) unconstitutionally purports to make offense elements
--drug type and quantity ---beyond the purview of the jury. The
Supreme Court apparently considers __Apprendi__ applicable to the
federal drug statutes.  It vacated and remanded __Jones vs. United
States__, _____U.S. _____, 2000 WL 217939 (June 29, 2000), for recon-
sideration in light of __Apprendi__.   In the lower court decision
in __United States vs. Jones__, 194 F. 3d 1178 (10th Cir. 1999), the
Tenth Circuit reaffirmed its prior holdings that drug quantity
was not an element of an offense under 21 U.S.C. §841.  See  Id.
at 1183-86.  The Supreme Court vacated __Jones__ in light of __Apprendi__,
a constitutional case, rather than __Castillo vs. United States__,
120 S. Ct. 2090 (2000), a statutory construction case.  Clearly,
the Supreme Court considers the issue of whether or not drug type
and quantity are elements of the offenses to have constitutional
implications which will not be resolved by looking to the
previous  statutory construction of the statute.  The constitutionality
of section 841 is directly implicated.  See also __Apprendi__, 2000
WL 807189 at *54 (Breyer, J., dissenting) (suggesting that there

-16-

is serious uncertainity about the constitutionality of ...statutes
[such as 21 U.S.C. §841 (b)]"); accord. Id at *45-47 (O'Connor,
J. dissenting) (same).

Under Apprendi, there is no other logical conclusion aside
from declaring 21 U.S.C. §841(b) unconstitutional.  Indeed, even
if the government asked, this Court could not disregard separation
of powers concerns, overlook the court's precedent and redraft
the statute so that section 841(b) penalty provisions suddenly
become elements of a 21 U.S.C. §841 offense.  For more than ten
years the government has insisted --- and every court to consider
the issue has agreed ----that the penalty provisions were not
elements;  any change in that characterization can come only from
the legislature.  See United States vs. Evans, 333 U.S. 483, 486
(1948) ("In our system, so far at least as concerns the federal
powers, defining crimes and fixing penalties are legislative,
not judicial, functions.")

In light of the principles recently enunciated by the Supreme
Court (which as noted in Justice Thomas concurrence, are not
recent principles, see Apprendi, 2000 WL 807189 at *21-22), it
is clear that in drafting and failing to amend section 841, Congress
intended this unconstitutional result.  No lawful amount of "statutory
construction" absent impermissible judicial legislation, can save
this statute.  Employing the appropriate analysis, examining the
plain language of the statute, congressional intent and principles
of statutory construction, this conclusion is ineluctable.  The
structure of section 841 certainly supports this view.  Thus,
21 U.S.C. §841 sets forth "[u]nlawful acts," while the subsections

-17-

sets forth various maximum (and mandatory minimum) penalties based on the existence of a variety of factors.  Nothing in 21 U.S.C. §841 implies that the subsections contain elements of any offenses. Again there is no ambiguity to which the doctrine of constitutional avoidance may be applied nor is there language to "interpret" to reach a different result:  21 U.S.C. §841(a)(1) does not contain an element.

Principles of statutory construction prohibit this Court from merely "construing" 21 U.S.C. §841 to render the statures constitutional.  The canon of statutory construction that counsels against construing statutes as being of doubtful constitutionality applies only if the statute in question is reasonably susceptible of two interpretations.  See **Almendarez-Torres vs. United States**, 523 U.S. 224, 238 (1998).  There is no question that, as every court listed above addressing this issue has found, these provisions are unambiguous and cannot be read to include drug quantity and type of an offense amount.

In any event the Supreme Court has demonstrated recent aversion to such "judicial legislation" under the auspices of purported statutory construction in rejecting the "exculpatory no" doctrine. See **Brogan vs. United States**, 522 U.S. 398, 118 S. Ct. 805, 809 (1998).  In rejecting the defense --- which was not contained in the statute --- the **Brogan court** observed, "it is not, and cannot be, our practice to restrict the unqualified language of a statute to the particular evil that congress was trying to remedy --- even assuming that it is possible to identify that evil from something

-18-

other than the text of the statute itself." Id., cf. United States vs. Shabani, 513 U.S. 10 (1994) (declining to write an overt act requirement into 21 U.S.C. §846).

In Evans, the Supreme Court considered a statute that prohibited smuggling aliens into the country and harboring them. Congress assigned penalties to the smuggling offense, but omitted to prescribe penalties for the harboring offense. Even though the Supreme Court and the parties agreed that Congress intended to criminalize harboring, the lack of a penalty provision was too great a gap judicially to fill, holding that the defendant could not be sentenced under that statute. See Id at 641. In short, the Supreme Court's teaching is that courts may not cross the line between statutory construction and just plain rewriting the statute. To the extent that the government might argue for rewriting section 841, the argument crosses another line---that between the different and separate governmental branches---the separation of Powers doctrine. See Buckley vs. Valeo, 424 U.S. 1, 122 (1976) ("The framers regarded the checks and balances that they had built into the tripartite Federal Government as a self-executing safeguard against the encroachment or aggrandizement of one branch at the expense of the other"). If this Court were to legislate in Congress; stead, it would not only harm the judiciary as a whole, but it would also discourage Congress from resolving the political issues it is best suited and constitutionally required to address. In short, all of the foregoing principles counsel that this Court must adhere to the intent of Congress, and leave any amendment of

-19-

21 U.S.C. APp. §841 to Congress.

the plain language of section 841(a) requires that violations be undertaken "knowingly and intentionally." Also, the general rule is that a person "is not guilty of an offense unless he acted pruposely, knowingly , recklessly or negligently, as the law may require, with respect to each <u>material element of the offense</u>." Model Penal Code §2.02(1) (emphasis added). The Supreme Court has frequently relied upon authors of the Model Penal Code on various issues. <u>See</u>, e.g. <u>Liparota vs. United States</u>, 471 U.S. 419, 423 N. 5 (1985). Obviously the type and quantity of the controlled substance are "material element(s) of the offense." Under the Model Penal Code, a "'material element of an offense' means an element that does not relate exclusively to the statute of limitations, jurisdiction, venue, or to any other matter similarly unconnected with (i) the harm or evil, incident to conduct, sought to be prevented by the law defining the offense, or (ii) the existence of a justification or excuse for such conduct..." Model Penal Code §1.13(10). "When the law defining an offense, without distinguishing among the material elements there-of, such provisions shall apply to all material elements of the offense, unless a contrary prupose plainly appears." Model Penal Code §2.02(4); see <u>United States vs. X-Citement Video</u>, INc. 513 U.S. 64, 79-80 (1994) (Stevens, J. concurring) ("In my opinion, the normal, commonsense reading of a subsection of a criminal statute introduced by the work 'knowingly' is to treat the adverb as modifying each of the elements of the offense in the remainder of the subsection.") 1 W. Lafave & A. Scott, Substantive Criminal Law, §3.11 at 389 §5.1 at 582-83 (1986).

-20-

The facts in the case are simple, the quantity nor the penalty phase were found in the indictment, thus the indictment is deficient and  this Court must either dismiss the indictment or resentence the Petitioner to a sentence pursuant the catch all section of Title 21 U.S.C. §841(b)(1)(d).

## CONCLUSION

The Petitioner prays that this Court will grant the relief requested, pursuant to Rule 8(c), Federal Civil Judicial Procedure and Rules (General Provisions), pertinent to granting Petitioner an evidentiary hearing and appointment of counsel pursuant to 18 U.S.C. §3006A, to also include rule 10 and rule 25(c)4, pursuant to 28 U.S.C. §1746 and 28 CFR Section §543.11(f)(1).  The Petitioner requests that the deficient indictment be dismissed, or in the alternate that he be resentence pursuant to Title 21 U.S.c. §841(b)(1)(D).

Respectfully Submitted,

Harry Alvin, Pro se
Reg. No. 17174-083
Federal Correctional Institution Low
2680 Hwy. 301 South
Jesup, Georgia 31599

-22-

## CERTIFICATE OF SERVICE

I Harry Alvin hereby certify that a true and correct copy of the foregoing Title 28 U.S.C. §2241 Motion and Memorandum of law has been deposited in the U.S. Mail with adequate postage on this 22nd day of January, 2001 to the following:

Ms. Kim Daniel
Assist. U.S. Attorney
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
Harrisburg, Pa. 17108

And

Clerk of the Court
United States  District Court
Southern District of Georgia
Brunswick Division
P. O. Box 1636
Brunswick, Georgia 31521

Harry Alvin, Pro Se

AO82
(Rev. 4/91)

**187142**

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF GEORGIA**
at Brunswick

RECEIVED FROM  Harry Alvin
2600 Hwy 301 South
Jesup, GA 31599

Fund
6855XX    Deposit Funds
604700    Registry Funds
          General and Special Funds
508800    Immigration Fees
085000    Attorney Admission Fees
086900    Filing Fees
322340    Sale of Publications
322350    Copy Fees
322360    Miscellaneous Fees
143500    Interest
322380    Recoveries of Court Costs
322386    Restitution to U.S. Government
121000    Conscience Fund
129900    Gifts
504100    Crime Victims Fund
613300    Unclaimed Monies
510000    Filings Spec. Acct.
510100    Registry Admin. Acct.

☆U.S. GOVERNMENT PRINTING OFFICE 1997-633-558

| ACCOUNT | AMOUNT |  |
|---------|--------|--|
| 086900  | 5 | 00 |
|  |  |  |
|  |  |  |

TOTAL 5.00

Case Number or Other Reference
CV 201-15

Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.  86261338440

| DATE | | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|------|--|------|-------|------|--------|---------------|
| 1/29 | 2001 | | | ✓ | | J. Purvis |