**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY ALVIN, | : | CIVIL ACTION NO. 1:CV-01-0286 |
| Petitioner | : | |
| v. | : | (J. CALDWELL) |
| | : | |
| D.L. HOBBS, Warden, | : | FILED |
| Respondent | : | HARRISBURG, PA |

MAR 29 2001

GOVERNMENT'S RESPONSE
TO DEFENDANT'S HABEAS CORPUS PETITION

MARY E. D'ANDREA CLERK
Per _____
Deputy Clerk

I.   PROCEDURAL HISTORY

On or about January 29, 2001, Harry Alvin filed the instant petition for habeas corpus relief under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia. Alvin is currently serving a 204 month sentence at the Federal Correctional Institution at Jesup, Georgia. By Order dated February 6, 2001, the Southern District of Georgia transferred the petition to this Court.

On March 9, 2001, this Court served a copy of the petition upon this Office and directed the government to file a Response as to why Alvin's relief should not be granted. The Government's Response follows.

II.  STATEMENT OF THE FACTS

On November 21, 1989, Harry Alvin was charged in a multi-count, multiple defendant Indictment with Conspiracy to Distribute Cocaine and one count of Possession with Intent to Distribute Cocaine. Alvin was a fugitive until his arrest on February 21, 1991.

On March 29, 1991, Alvin executed a Plea Agreement which called for his plea to the

Conspiracy count (21 U.S.C. § 846) and a stipulation that his involvement entailed "no less than 5 kilos but no more than 15 kilos of cocaine." Plea Agreement, ¶ 1. The Agreement advised Alvin the penalty for the offense was no less than 10 years incarceration with a maximum of life imprisonment. Alvin entered his plea on April 11, 1991, and was sentenced on June 27, 1991 to 240 months.[1]

Two years later, on June 22, 1993, this Court entered an Order reducing Alvin's sentence from 240 months to 204 months. The Order was premised upon the government's Rule 35 motion to reduce Alvin's sentence for substantial assistance in the prosecution of others, including his codefendants.

Five years later in 1997 Alvin filed a habeas corpus petition under 28 U.S.C. § 2255. In that petition Alvin claimed he had 1) been promised a sentence of 87 months, 2) that his attorney was ineffective for failing to advise his sentence could be enhanced for a previous drug conviction and by failing to argue for acceptance of responsibility, and 3) the Court erred in enhancing his sentence based upon Alvin's managerial role in the conspiracy. On November 17, 1997, this Court entered a Memorandum Opinion and Order denying Alvin's petition.[2]

Thereafter, on or about January 29, 2001, Alvin filed the instant § 2241 petition in the Southern District of Georgia.

---

[1] Alvin's guideline range was calculated at 240 to 262 months.

[2] By Order dated February 17, 1998, this Court denied Alvin a certificate of appealability.

2

### III.  SUMMARY OF THE ALLEGATIONS

In his § 2241 petition, Alvin alleges his sentence is contrary to the Supreme Court's ruling in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). Alvin also claims his guilty plea was involuntary.

### IV.  ARGUMENT

#### A.  THERE IS NO *APPRENDI* VIOLATION.

In *Apprendi* the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* at 2362-2363. In his petition, Alvin argues that because his Indictment did not specify any particular cocaine weight or penalty, the only penalty he faced was the 5 year minimum under 21 U.S.C. § 841(b)(1)(D).

Alvin conveniently overlooks the fact that he stipulated that his offense conduct involved no less than 5 kilos of cocaine. The weight stipulation alone established Alvin's statutory penalty at no less than 10 years and up to life imprisonment. 21 U.S.C. § 846, § 841(b)(1)(A)(ii). With his prior felony drug conviction, the Presentence Report properly calculated Alvin's statutory penalty at 20 years to life imprisonment. 21 U.S.C. § 846, §841(b)(1)(A). Since Alvin stipulated to the 5 kilo minimum, there was no *Apprendi* violation as there were no facts that needed to be decided by a jury with respect to the applicable statutory penalty (life imprisonment). *See also United States v. Williams*, 235 F.3d

3

858 (3rd Cir. 2000) (*Apprendi* not applicable if sentence imposed falls within non-enhanced statutory maximum).

**B.    ALVIN'S PLEA WAS VOLUNTARY**

Alvin also makes a related argument. Alvin argues that because his Indictment did not specify a statutory penalty or a drug weight, he believed he could not receive more than 5 years and did not realize he could be sentenced to 240 months. Thus, his guilty plea was involuntary. This argument is equally flawed.

In disposing of Alvin's 1997 § 2255 petition, this Court addressed Alvin's allegation that he had been promised a 87 month sentence. In dismissing the claim this Court noted the Plea Agreement stipulated the penalty for the offense was a statutory 10 year minimum with a maximum of life imprisonment. The Plea Agreement included an acknowledgment that Alvin had read the Agreement, that he had reviewed every portion of it with his attorney, that he fully understood it, and that he voluntarily agreed to it. The Court further noted that at the time the guilty plea was accepted, the prosecutor also told Alvin he faced a sentence of 10 years to life imprisonment. Indeed, Alvin's 1997 claim that he was promised an 87 month sentence is completely inconsistent with his present allegation. All of these facts belie Alvin's contention that his plea was involuntary.

4

## V. CONCLUSION

Based on the above, the government respectfully requests the Court enter an Order dismissing Alvin's § 2241 petition.

Respectfully Submitted,

DAVID M. BARASCH
UNITED STATES ATTORNEY

_____
KIM DOUGLAS DANIEL
ASSISTANT U.S. ATTORNEY

N:\DMayko\kim\alvin\response.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY ALVIN,<br>　　　　Petitioner | : | CIVIL ACTION NO. 1:CV-01-0286 |
| v. | : | (J. CALDWELL) |
| D.L. HOBBS, Warden,<br>　　　　Respondent | : | |

### CERTIFICATE OF SERVICE

　　The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

　　That on March 29, 2001, she served a copy of

### GOVERNMENT'S RESPONSE
### TO DEFENDANT'S HABEAS CORPUS PETITION

by placing one copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

ADDRESSEE(S):

Harry Alvin
Reg. No. 17174-083
Federal Correctional Institution
2680 Highway, 301 South
Jesup, Georgia 31599

　　　　　　　　　　　　　　　　　　　　　　Dawn L. Mayko
　　　　　　　　　　　　　　　　　　　　　　Legal Secretary

6