IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY ALVIN, :
     Petitioner
            :

            :
  vs.          CIVIL ACTION NO. 1:CV-01-0286
            :

D. L. HOBBS, Warden,   :
     Respondent    :

**FILED**
HARRISBURG, PA

APR 25 2001

M E M O R A N D U M    MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

I.  Introduction.

    We are considering the pro se petition under 28 U.S.C. § 2241 filed by Harry Alvin. The Petitioner was convicted in this court of a cocaine offense and sentenced to 240 months in prison, later reduced to 204 months for substantial assistance in the prosecution of a codefendant. Based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), he argues that his conviction and sentence should be vacated on the following grounds. First, the indictment was defective because it did not allege the drug quantity or an unspecified offense characteristic that increased his sentence. Second, his guilty plea was not knowing and intelligent, again because he was not informed at the time of the plea of the drug quantity or the unspecified sentencing enhancement. He asserts that he should

therefore be subject to no more than five years incarceration under the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(D).

Alvin is an inmate at FCI-Jesup, Georgia, and this petition was filed in the district of his incarceration, the United States District Court for the Southern District of Georgia. That court transferred the petition here. In these circumstances, there is some doubt about whether we have jurisdiction to entertain the petition, see In re Nwanze, 242 F.3d 521, 525-26 (3d Cir. 2001), but despite this we will decide it.

We will dismiss the petition for the following reasons. First, the grounds raised are properly the subject of a motion under 28 U.S.C. § 2255, and Alvin cannot show that his remedy under section 2255 was inadequate or ineffective, the only way he could proceed under section 2241. Second, the Third Circuit already decided the Apprendi claim against the Petitioner when he sought leave to file a second 2255 motion from the court of appeals. Third, it appears that the Petitioner's Apprendi claim is not cognizable on collateral review because when he pled guilty he stipulated to a cocaine quantity that made him eligible for a statutory maximum sentence of life imprisonment under 28 U.S.C. § 841(b)(1)(B) so his original sentence of 240 months (20 years) came within the applicable statutory maximum and Apprendi would not apply.

2

II.  Background.

In November 1989, the Petitioner was charged in a multi-count, multi-defendant indictment with the following offenses: (1) in count I, conspiracy to distribute and possess with intent to distribute cocaine within a thousand feet of a school and elsewhere from June 1986 through December 1988, in violation of 21 U.S.C. §§ 841(a)(1), 845a and 846; and (2) in count IV, distribution and possession with intent to distribute cocaine on September 23, 1988, in violation of 21 U.S.C. § 841(a)(1). Additionally, count VI sought forfeiture of certain property under 21 U.S.C. § 853.

The Petitioner was a fugitive for several years but was eventually apprehended. On March 29, 1991, he executed a plea agreement. In paragraph one he agreed to plead guilty to count I of the indictment. Paragraph one also advised the Petitioner that the sentence for this offense was "a statutory ten (10) year minimum with a maximum of life imprisonment and/or a fine of $8,000,000, a term of supervised release to be determined by the court, the costs of prosecution as well as a special assessment in the amount of $50." (Plea agreement, ¶ 1). This paragraph also stipulated that "the defendant's personal involvement in this conspiracy was no less than 5 kilos and no more than 15 kilos of cocaine."

On June 27, 1991, Alvin was sentenced to 240 months imprisonment, the statutory minimum. He took no direct appeal.

3

On June 22, 1993, his 240-month sentence was reduced to 204 months upon the government's Rule 35 motion, based on substantial assistance in a codefendant's case.

On April 28, 1997, the Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence, raising the following grounds: (1) the plea was unlawfully induced by the prosecutor's promise that the Petitioner would only receive 87 months in jail; (2) defense counsel never told the Petitioner that his sentence could be enhanced by a previous drug conviction; (3) the court erred by giving the Petitioner a three-point enhancement under U.S.S.G. § 3B1.1(b) for being a manager or supervisor in the conspiracy; and (4) trial counsel failed to argue for a two-point reduction for acceptance of responsibility. On November 17, 1997, by memorandum and order, we denied the motion. On appeal, on July 31, 1998, the Third Circuit denied a request for a certificate of appealability.

The Petitioner then sought leave from the Third Circuit to file a second 2255 motion. On October 30, 2000, the court of appeals denied that request in an unpublished order, stating:

> The foregoing application under 28 U.S.C. § 2244 for authorization to file a second or successive habeas petition under 28 U.S.C. § 2255 is denied. The Court finds that Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), is inapplicable to Petitioner's case.

(In re Alvin, No. 00-2513 (3d Cir. Oct. 30, 2000). This 2241 petition followed.

4

AO 72A
(Rev.8/82)

III. Discussion.

Since the Petitioner's challenge is to the validity of the conviction and sentence, it is cognizable only in a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); United States v. Ocampo, 1999 WL 551888, at *1 n.2 (E.D. Pa.)(an attack on the validity of a sentence must be brought under section 2255); United States v. Garrick, 1990 WL 56487 (D. N.J.)(same ruling for an attack on the validity of a conviction). Alvin can pursue a section 2241 petition only when relief under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

In effectuating this safety-valve provision, the Third Circuit has stated that a section 2241 petition may proceed only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added).

In the instant case, section 2255 is not inadequate or ineffective to test the legality of Alvin's detention. Alvin

5

characterizes <u>Apprendi</u> as a new rule of constitutional law. (Petition, ¶ 13). If so, section 2255 allows a second 2255 motion under certain circumstances for such constitutional rules.[1] That the Third Circuit has decided that Alvin cannot file a second 2255 motion based on <u>Apprendi</u> did not make section 2255 inadequate or ineffective for Alvin. <u>See</u> <u>Osayande v. United States</u>, 2001 WL 209466 (N.D. Tex.). <u>But</u> <u>see</u> <u>Harris v. United States</u>, 119 F. Supp. 2d 458, <u>amended by</u> 124 F. Supp. 2d 876 ((D. N.J. 2000).

This leads us to the next reason for dismissing Alvin's 2241 petition; the Third Circuit has already decided that <u>Apprendi</u> does not apply to his case.

Finally, we note that, even if we were to address the Petitioner's <u>Apprendi</u> claim, it has no merit, at least on collateral review. In <u>Apprendi</u>, the Supreme Court held that due process and the Sixth Amendment right to trial by jury require that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 455 (2000). During the original proceedings, the Petitioner stipulated that his cocaine quantity was no less than five kilograms of cocaine and no more than fifteen kilograms.

---

[1] In relevant part, section 2255 authorizes the court of appeals to permit a second or successive 2255 motion if the applicant invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."

This subjected him under 21 U.S.C. § 841(b)(1)(A) to a statutory maximum sentence of life imprisonment. His sentence of 240 months, later reduced to 204 months, is within this statutory maximum.[2] On collateral review, we can rely on this stipulation to reject an Apprendi claim. On direct review, the courts of appeal have relied on similar stipulations to reject Apprendi claims under a plain-error standard of review, see United States v. Duarte, ___ F.3d ___, 2001 WL 366342 (1st Cir. 2001); United States v. Gallego, ___ F.3d ___, 2001 WL 369783 (11th Cir. 2001); United States v. Harper, ___ F.3d ___, 2001 WL 331986 (6th Cir. 2001), and also to reject Apprendi claims arising from sentencing enhancements based on offender characteristics. See Gallego, supra; Harper, supra. We see no reason for a different result when the Apprendi claim is raised postconviction. Cf. Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1737-38, 52 L.Ed.2d 203, 212 (1977) (collateral review of a state court's erroneous jury instruction is more stringent than plain-error review in a direct appeal).

---

[2]The Petitioner erroneously asserts that, absent a drug quantity, he should be subject to no more than five years incarceration under the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(D). However, that section does not apply to cocaine, a Schedule II drug. See 21 U.S.C. § 812. The "default" statutory maximum for a cocaine offense involving an indefinite amount of the drug is twenty years under 21 U.S.C. § 841(b)(1)(C). That length has also not been exceeded here by the Petitioner's sentence.

We will issue an appropriate order.

*William W. Caldwell*
William W. Caldwell
United States District Judge

Date:   April 25, 2001

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY ALVIN,
    Petitioner

vs.                          CIVIL ACTION NO. 1:CV-01-0286

D. L. HOBBS, Warden,
    Respondent

FILED
HARRISBURG, PA
APR 25 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

O R D E R

AND NOW, this 25th day of April, 2001, it is ordered that:

    1. The petition under 28 U.S.C. § 2241 is denied.

    2. The Clerk of Court shall close this file.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge